UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-10981-AH-(MARx) | Date | January 15, 2026 |
| Title | *Ndidi Anofienem v. WeWork Companies, LLC et al.* | | |

Present: The Honorable   Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (IN CHAMBERS) ORDER DENYING PLAINTIFF'S REQUEST FOR REMAND AND GRANTING DEFENDANTS' MOTION TO DISMISS (DKT. NOS. 12, 16)

Before the Court is Plaintiff Ndidi Anofienem's ("Plaintiff") Request for Remand ("Request"). Req., Dkt. No. 12.[1] Defendants WeWork Companies LLC and 21255 Burbank Boulevard Tenant LLC (collectively, the "Defendants") filed an opposition to the Request. Dkt. No. 32.[2] Plaintiff filed a reply. Dkt. No. 42.

Also before the Court is Defendants' Motion to Dismiss ("Motion"). Mot., Dkt. No. 16.[3] Plaintiff filed an opposition to the Motion. Dkt. No. 25.[4] Defendants filed a reply. Dkt. No. 30.

---

[1] Plaintiff also filed a declaration in support of the Request. Dkt. No. 13.
[2] Defendants also filed a declaration and exhibits in support of its opposition. Dkt. No. 33.
[3] Defendants also filed a request for judicial notice in support of the Motion. Dkt. No. 17.
[4] Plaintiff also filed a declaration in support of the opposition and a notice of lack of jurisdiction. Dkt. Nos. 26-27. The Court notes that in her opposition to the Motion, Plaintiff does not address Defendants' substantive arguments, but rather

The Court heard oral argument on January 14, 2026.[5] For the reasons set forth below, the Court **DENIES** Plaintiff's Request for Remand and **GRANTS** Defendants' Motion to Dismiss.

## I.  BACKGROUND[6]

Plaintiff alleges that she sought a membership offered by Defendant WeWork Companies LLC for a nonprofit that she started.  Compl. ¶¶ 6-7.  Plaintiff alleges that she paid for a membership and expected a signed member agreement, but after repeated requests, Defendant WeWork Companies LLC refused to provide one.  *Id.* ¶ 8.  Defendant WeWork Companies LLC[7] then allegedly canceled the membership without notice or justification and has withheld over $1,200 of Plaintiff's personal belongings from the office space, claiming that they are not in the office.  *Id.* ¶ 9.  Plaintiff claims to have spent over 300 hours attempting to locate alternative office space.  *Id.* ¶ 10.

On September 15, 2025, Plaintiff filed the Complaint against Defendants in the Superior Court of California for the County of Los Angeles.  Dkt. No. 1-1.  The Complaint asserts seven causes of action: (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing; (3) conversion; (4) intentional infliction of emotional distress (IIED); (5) negligent infliction of emotional distress (NIED); (6) violation of the Electronic Signatures in Global and National Commerce Act (the "E-SIGN Act"), 15 U.S.C. § 7001, *et seq.*; and (7) violation of California's Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51, *et seq.*

---

asks the Court to address her Request before addressing Defendants' Motion.  *See generally* Dkt. No. 25.  The Court considers this matter fully briefed, and addresses the merits of both the Request and the Motion.

[5] After reviewing the Court's tentative order, Defendants at the hearing withdrew their Rule 41(d) request for attorney's fees and costs in connection with an earlier related case ("*Anofienem I*").

[6] All facts stated herein are taken from the allegations in Plaintiff's Complaint unless otherwise indicated.  Compl., Dkt. No. 1-1.  For the purposes of this Motion, the Court treats these factual allegations as true, but at this stage of the litigation, the Court makes no finding on the truth of these allegations.

[7] The Court assumes Plaintiff refers to Defendant WeWork Companies LLC in this paragraph, but here, as throughout the Complaint, Plaintiff refers to "Defendant" despite the Complaint naming two defendants.

Defendants claim that they were served on October 17, 2025. Notice of Removal ("NOR"), Dkt. No. 1, ¶ 10. On November 14, 2025, Defendants removed this action to the United States District Court for the Central District of California. *See generally id.* On November 17, 2025, Plaintiff filed the instant Request to Remand. Dkt. No. 12. On November 21, 2025, Defendants filed the instant Motion to Dismiss. Dkt. No. 16.

## II.   LEGAL STANDARD

### A.   Request for Remand

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, excluding interest and costs. *Id.* §§ 1331, 1332(a).

### B.   Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under a Rule 12(b)(6) motion can be based on either a "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation modified). On a Rule 12(b)(6) motion, courts accept as true all well-pleaded allegations of material fact and construe them in a light most favorable to the non-moving party. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030-31 (9th Cir. 2008). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not" suffice. *Id.* (citation modified). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545. A court may consider the allegations contained in the pleadings, as well as exhibits attached to or referenced in the complaint, and matters properly subject to judicial notice in ruling on a

motion to dismiss. *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

Leave to amend a dismissed complaint should be granted unless it is clear the complaint cannot be saved by any amendment. Fed. R. Civ P. 15(a); *see Manzarek*, 519 F.3d at 1031. A "district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). Otherwise, leave to amend shall be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2).

### III.   DISCUSSION

#### A.   Plaintiff's Request for Remand

The parties disagree as to whether Defendants have sufficiently established diversity jurisdiction, and whether the Court has federal question jurisdiction. Req. at 2.

##### 1.   Diversity Jurisdiction

The Court finds that there is complete diversity in this action.

"[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Defendant WeWork Companies LLC's sole member and 100% owner is WW Emerge LLC. Wolfert Decl., Dkt. No. 33, ¶ 4; Ex. 2, Dkt. No. 33-2. WW Emerge LLC's sole member and 100% owner is The We Company MC LLC. Wolfert Decl. ¶ 5; Ex. 3, Dkt. No. 33-3. The We Company MC LLC's sole member and 100% owner is WW Holdco LLC. Wolfert Decl. ¶ 6; Ex. 4, Dkt. No. 33-4. WW Holdco LLC's sole member and 100% owner is We Work Inc., a Delaware corporation with its corporate headquarters and principal place of business in New York. Wolfert Decl. ¶¶ 7-8; Ex. 5, Dkt. No. 33-5. This makes Defendant WeWork Companies LLC a citizen of Delaware and New York. Defendant 21255 Burbank Boulevard Tenant LLC's whole owner and sole member is Defendant WeWork Companies LLC, Wolfert Decl. ¶ 6; Ex. 6, Dkt. No. 33-6, which, as set forth above, is a citizen of Delaware and New York. This makes

Defendant 21255 Burbank Boulevard Tenant LLC a citizen of Delaware and New York.[8]  Plaintiff does not dispute that she is a citizen of California.

The amount in controversy exceeds $75,000.  "If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'"  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) (quoting 28 U.S.C. § 1446(c)(2)).  Here, the Complaint seeks "[g]eneral and special damages in an amount exceeding $100,000."  Compl., Prayer for Relief.

As there is complete diversity between the parties and the amount in controversy requirement is satisfied, the Court finds that it has diversity jurisdiction over this matter.[9]  Accordingly, Plaintiff's Request for Remand is DENIED.[10]

---

[8] Plaintiff argues that "Defendants provide no evidence of the domicile of every member and sub-member." Dkt. No. 42 at 3.  However, Defendants filed with their opposition a sworn declaration based on personal knowledge from the Senior Director and Head of Americas Litigation for Defendants attesting to the details of Defendants' citizenship, as well as accompanying exhibits.  This is the type of "competent proof" that courts look to when determining whether jurisdiction has been established.  *DeFiore v. SOC LLC*, 85 F.4th 546, 552 (9th Cir. 2023); *Miranda v. Catch of La Operating Co. LLC*, 2024 WL 2272385, at *3 (C.D. Cal. May 17, 2024) (deeming "competent proof" a "declaration from corporate counsel for an entity that controls Defendant, made under oath and based on the individual's personal knowledge of Defendant's affiliated entity's corporate structure and filings").

[9] Because the Court finds that it has diversity jurisdiction over this matter, it need not make a finding on federal question jurisdiction.  However, the Court notes that in a related case, this Court found that the E-SIGN Act does not provide a basis for a cause of action itself.  *Anofienem v. Gen. Servs. Admin.*, 2025 WL 1717643, at *4 (C.D. Cal. Apr. 16, 2025).  At least one other court in this Circuit has found that because of this, "the E-SIGN Act does not offer a basis for federal question jurisdiction." *Yoshimura v. Takahashi*, 446 F. Supp. 3d 644, 652 (D. Haw. 2020).  The remaining causes of action are state law claims.

[10] Because the Court denies the Request, it also denies Plaintiff's request for costs pursuant to 28 U.S.C. § 1447(c).

### B.     Defendants' Request for Judicial Notice

The Court first considers Defendants' request for judicial notice. Defendants request that the Court take judicial notice of nine court documents. Dkt. No. 17.[11]

A court may take judicial notice of an adjudicative fact "not subject to reasonable dispute" because it can be "accurately and readily determined." Fed. R. Evid. 201(b)(2). Under this standard, courts may judicially notice "undisputed matters of public record," but generally may not notice "disputed facts stated in public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (emphasis omitted), *abrogated on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125-26 (9th Cir. 2002). Court filings are also properly subject to judicial notice under Federal Rule of Evidence 201. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (noting that courts may take judicial notice of court filings as they are "readily verifiable, and therefore, the proper subject of judicial notice"). Furthermore, judicial notice of proceedings in other courts is appropriate "if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Plaintiff does not object to Defendants' request for judicial notice. Each of the documents are matters of public record which are not subject to reasonable dispute. Accordingly, the Court GRANTS the request.

---

[11] Those documents are (1) the complaint in *Ndidi Anofienem v. General Services Administration, et al.*, Case No. 2:24-cv-08605-AH (MARx) (C.D. Cal), Ex. A, Dkt. No. 17-1; (2) Plaintiff's Declaration in Support of Motion for Preliminary Injunction, which attached a copy of the WeWork Membership Agreement, in that case, Ex. B, Dkt. No. 17-2; (3) the First Amended Complaint ("FAC") in that case, Ex. C, Dkt. No. 17-3; (4) a minute order granting WeWork Companies LLC's Motion to Dismiss in that case, Ex. D, Dkt. No. 17-4; (5) an order granting Plaintiff's Motion for Voluntary Dismissal in that case, Ex. E, Dkt. No. 17-5; (6) Plaintiff's Claim and Order to Go to Small Claims Court in *The Writing School, Inc., et al. v. WeWork Companies LLC, et al.*, Case No. 25VESC00927 (Los Angeles Superior Court), Ex. F, Dkt. No. 17-6; (7) the docket in that case, Ex. G, Dkt. No. 17-7; (8) Plaintiff's Request for Dismissal in that case, Ex. H, Dkt. No. 17-8; and (9) the complaint in *Ndidi Anofienem v. WeWork Companies, LLC, et al.*, Case No. 25VECV05245 (Los Angeles Superior Court), Ex. I, Dkt. No. 17-9.

C.  **Defendants' Motion to Dismiss**

Defendant moves to dismiss each claim in the Complaint.

1.  **Breach of Contract (Count One)**

Plaintiff brings a claim for breach of contract.  Compl. ¶¶ 11-14.

Under California law, "a contract implied in fact consists of obligations arising from a mutual agreement and intent to promise where the agreement and promise have not been expressed in words."  *Retired Emps. Assn. of Orange Cnty., Inc. v. Cnty. of Orange*, 52 Cal. 4th 1171, 1178 (2011) (citation modified).  "An implied-in-fact contract requires proof of the same elements necessary to evidence an express contract:  mutual assent or offer and acceptance, consideration, legal capacity and lawful subject matter."  *Northstar Financial Advisors Inc. v. Schwab Investments,* 779 F.3d 1036, 1050-51 (9th Cir. 2015) (citation omitted).

Here, Plaintiff alleges that she "paid for a WeWork membership [for her nonprofit organization] and expected a signed member agreement."  Compl. ¶ 7.  Plaintiff later alleges that "Defendant entered into an implied-in-fact contract with Plaintiff," "Defendant breached the contract by refusing to provide a signed member agreement, abruptly canceling the membership, and withholding Plaintiff's personal property," and that "Plaintiff suffered financial loss, lost time, and disruption of nonprofit operations."  *Id.* ¶¶ 12-14.  Absent from Plaintiff's allegations are facts suggesting that any defendant ever agreed to be bound to Plaintiff.[12]  "[B]are allegations, stripped of relevant details that might support her claim for an implied-in-fact contract" are insufficient, *Daniels v. Walt Disney Co.*, 958 F.3d 767, 775 (9th Cir. 2020), and "there are no allegations of conduct manifesting mutual consent to enter into an implied contract (i.e., a meeting of the

---

[12] In its Motion, Defendants argue that this Court dismissed Plaintiff's breach of contract claim in a prior action based on Plaintiff's lack of standing as a non-party to the agreement, and Plaintiff has failed to cure this deficiency.  Mot. at 8.  Here, although Plaintiff continues to bring this claim in her individual capacity, she raises a different claim of a breach of implied-in-fact contract.  Compl. ¶ 12.  Although this claim does not rely on the written agreement with non-plaintiff The Writing School, Plaintiff must still allege sufficient facts to demonstrate a meeting of the minds between the alleged parties—Defendant(s), which Plaintiff does not specifically identify, and Plaintiff—as to the essential terms alleged.

minds between the parties as to the essential terms).” *Siskiyou Hosp., Inc. v. Cnty. of Siskiyou*, 109 Cal. App. 5th 14, 53 (2025).  Moreover, Plaintiff fails to specify against which defendant this claim is brought.

Accordingly, Count One is dismissed with leave to amend.

### 2. Breach of Implied Covenant of Good Faith and Fair Dealing (Count Two)

Plaintiff brings a claim for breach of the implied covenant of good faith and fair dealing.  Compl. ¶¶ 15-16.

“The covenant of good faith and fair dealing, implied by law in every contract, exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the *benefits of the agreement actually made*.”  *Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 349 (2000).  The covenant cannot “be endowed with an existence independent of its contractual underpinnings.” *Id.* (citation and quotation omitted).  It “cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement.” *Id.* at 349-50.  “To plead a breach of covenant of good faith, a plaintiff must allege that a defendant unfairly interfered with plaintiff's right to receive the benefits under the agreement.” *Bella Canvas, LLC v. TSC Apparel, LLC*, 2020 WL 7048306, at *3 (C.D. Cal. Sept. 17, 2020) (citing *id.* at 349, 352) (citation modified).  “[W]here no benefits are withheld or delayed, there is no cause of action for the breach of the covenant of good faith and fair dealing.” *Progressive W. Ins. Co. v. Superior Ct.*, 135 Cal. App. 4th 263, 278 (2005).

Plaintiff alleges that “Defendant acted in bad faith by obstructing Plaintiff from obtaining necessary documentation and withholding personal belongings.” Compl. ¶ 16.  However, Plaintiff does not sufficiently plead this cause of action where Plaintiff fails to plead that she was actually due any benefits under a contract.  Moreover, Plaintiff fails to specify against which defendant this claim is brought.

Accordingly, Count Two is dismissed with leave to amend.

### 3. Conversion (Count Three)

Plaintiff brings a claim for conversion.  Compl. ¶¶ 17-18.

"The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *L.A. Federal Credit Union v. Madatyan*, 209 Cal. App. 4th 1383, 1387 (2012) (citation omitted).

Plaintiff alleges that "Defendant wrongfully retained Plaintiff's personal property valued at over $1,200." Compl. ¶ 18. However, Plaintiff does not say what the personal property is other than the non-descript "personal belongings." *Id.* ¶ 9, 16. *See, e.g.*, *Andreoli v. Youngevity Int'l, Inc.*, 2018 WL 1470264, at *11 (S.D. Cal. Mar. 23, 2018) ("Plaintiff's claim for conversion of personal belongings is insufficiently pled because he does not state what 'specific property' was taken from him." (citing *Fremont Indem. Co. v. Fremont Gen. Corp.*, 148 Cal. App. 4th 97, 123 (2007))). Moreover, Plaintiff fails to specify against which defendant this claim is brought.

Accordingly, Count Three is dismissed with leave to amend.

### 4.     IIED and NIED (Count Four and Five)

Plaintiff brings claims for IIED and NIED. Compl. ¶¶ 19-22.

The elements of an IIED claim are: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Sandoval v. Pali Inst., Inc.*, 113 Cal. App. 5th 616, 629 (2025) (citation modified). "Liability [for IIED] has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Crouch v. Trinity Christian Ctr. of Santa Ana, Inc.*, 39 Cal. App. 5th 995, 1007 (2019) (citing Restatement (Second) of Torts § 46 cmt. d (1965)). California courts apply the "traditional [negligence] elements of duty, breach of duty, causation, and damages" to NIED claims. *Burgess v. Super. Ct.*, 2 Cal.4th 1064, 1072 (1992). "Both NIED and IIED require that the plaintiff's emotional distress be severe." *Kisty v. AvalonBay Communities, Inc.*, 2023 WL 3273111, at *2 (C.D. Cal. Mar. 10, 2023) (citing *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1001 (1993); *Thing v. La Chusa*, 48 Cal. 3d 644, 667-68 (1989)).

Plaintiff alleges that she "spent over 300 hours attempting to locate alternative office space that met nonprofit needs and budget, without success, resulting in emotional distress, humiliation, and disruption of the nonprofit's operations," as well as "anxiety" and "foreseeable emotional harm." Compl. ¶¶ 10, 20, 22.  As to both causes of action, the Court finds that Plaintiff has "pled only boilerplate allegations covering a gamut of possible emotional distress." *Tipton v. Airport Terminal Servs., Inc.*, 2019 WL 4231235, at *6 (C.D. Cal. June 25, 2019).  Additionally, as to the IIED cause of action, Plaintiff does not sufficiently plead extreme and outrageous conduct by Defendants with the intention of causing, or reckless disregard of the probability of causing, emotional distress.  As to the NIED cause of action, Plaintiff only alleges in conclusory fashion that "Defendant owed a duty of care and breached it, resulting in foreseeable emotional harm." Compl. ¶ 22.  These allegations are insufficient to plead plausible claims for either cause of action.  Moreover, Plaintiff fails to specify against which defendant these claims are brought.

Accordingly, Counts Four and Five are dismissed with leave to amend.

### 5. E-SIGN Act Violation (Count Six)

Plaintiff brings a claim for violation of the E-SIGN Act.  Compl. ¶¶ 23-24.

The E-SIGN Act provides, in part:

[W]ith respect to any transaction in or affecting interstate or foreign commerce—

(1) a signature, contract, or other record relating to such transaction may not be denied legal effect, validity, or enforceability solely because it is in electronic form; and

(2) a contract relating to such transaction may not be denied legal effect, validity, or enforceability solely because an electronic signature or electronic record was used in its formation.

15 U.S.C. § 7001(a).

Plaintiff alleges that "Defendant violated the ESIGN Act (15 U.S.C. §7001) by failing to provide a valid electronically signed agreement." Compl. ¶ 24. But "[n]o provision of the [E-SIGN Act], nor any case interpreting it, recognizes such a private right of action based on the electronic form of a document." *Yoshimura v. Takahashi*, 446 F. Supp. 3d 644, 652 (D. Haw. 2020) (citation omitted); *Rigsby v. GoDaddy Inc.*, 2021 WL 2416829, at *6 (D. Ariz. June 14, 2021) (holding that because there is no private right of action under the E-SIGN Act, it "does not provide a basis for the declaratory judgment" to say that an agreement is unenforceable for failure to comply with the E-SIGN Act).[13] The E-SIGN Act thus does not provide a basis for the alleged cause of action.

Accordingly, Count Six is dismissed without leave to amend.[14]

### 6. Unruh Act Violation (Count Seven)

Plaintiff brings a claim for violation of the Unruh Act. Compl. ¶¶ 25-26.

"The Unruh Act provides that '[a]ll persons within the jurisdiction of [California] are free and equal, and no matter what their . . . disability [or] medical condition . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.'" *Greater Los Angeles Agency on Deafness, Inc. v. Cable News Network, Inc.*, 742 F.3d 414, 425 (9th Cir. 2014) (alterations in original) (quoting Cal. Civ. Code § 51(b)). To state a claim for a violation of the Unruh Act, a plaintiff must "plead . . . intentional discrimination," which requires "more than the disparate impact of a facially neutral policy." *Id.*; *Munson v. Del Taco, Inc.*, 46 Cal.4th 661, 664 (2009) (proof of intentional discrimination is necessary to establish an Unruh Act violation). "In federal court, a plaintiff cannot plead discriminatory intent merely by making a conclusory allegation to that effect. Rather, the complaint must include some factual context that gives rise to a

---

[13] "If a statute provides a plaintiff a right to sue, it is often said that the plaintiff has been granted a 'private right of action.'" *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1176 (9th Cir. 2004).

[14] The analysis in this section mirrors the analysis the Court undertook in *Anofienem I*. *See* 2025 WL 1717643, at *4. Plaintiff does not present any argument on this point otherwise. As the Court dismisses this claim without leave to amend, it need not address Defendants' specific argument that the claim is barred by res judicata. Mot. at 6-7.

plausible inference of discriminatory intent." *Duronslet v. Cnty. of Los Angeles*, 266 F. Supp. 3d 1213, 1217 (C.D. Cal. 2017) (citations omitted).

Plaintiff alleges that "[i]f discrimination occurred based on race, gender, or other protected characteristics, Defendant violated the Unruh Civil Rights Act." Compl. ¶ 26. This does not provide sufficient factual context that would give rise to a plausible inference of discriminatory intent. Moreover, Plaintiff fails to specify against which defendant this claim is brought. Finally, this claim does not meaningfully differ from Plaintiff's Unruh Act claim in *Anofienem I*, which the Court dismissed with leave to amend. *See* 2025 WL 1717643, at *6. There, the Court deemed conclusory an allegation that "Defendant's conduct . . . may have adversely affected Plaintiff in a manner consistent with discriminatory business practices." *Id.* Because Plaintiff has failed to cure this defect, alleging in conclusory and conditional fashion here that "[*i*]*f* discrimination occurred based on race, gender, or other protected characteristics, Defendant violated the Unruh Civil Rights Act," Compl. ¶ 26 (emphasis added), the Court dismisses this claim without leave to amend.

Accordingly, Count Seven is dismissed without leave to amend.

## IV.   CONCLUSION

For the foregoing reasons, the Court **ORDERS** as follows:

1) Plaintiff's Request for Remand is **DENIED**.
2) Defendants' Motion to Dismiss as to Counts One, Two, Three, Four, and Five is **GRANTED**, with leave to amend.
3) Defendants' Motion to Dismiss as to Counts Six and Seven is **GRANTED**, without leave to amend.

If Plaintiff elects to file an amended complaint, she must file and serve it within **twenty-one (21) days** of entry of this Order. No new claims shall be added to any amended complaint without leave of Court, nor may claims under the E-SIGN Act or Unruh Act be included in any amended complaint.

Plaintiff is advised that there is a free Federal Pro Se Clinic available to assist individuals who do not have an attorney to represent them, located at the Roybal Federal Building, 255 East Temple Street, Los Angeles, CA 90012, administered by a nonprofit law firm, Public Counsel.

**IT IS SO ORDERED.**